UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAWN V. BURCHALEWSKI,

                              Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              06-CV-443S

WOLPOFF & ABRAMSON, LLP, and
FEDERATED DEPARTMENT STORES, INC.

                              Defendants.

        1.      On October 24, 2006, Plaintiff filed an Amended Complaint against
Defendants Wolpoff & Abramson, LLP ("Wolpoff"), and Federated Department Stores, Inc.
("Federated") alleging that Defendants had violated the Fair Debt Collection Practices Act
("FDCPA").  (Docket No. 11).  On November 13 and 15, 2006, Defendants filed separate
Motions to Dismiss.  (Docket Nos. 19, 25).  The motions were fully briefed by the parties,
and argument was held before the Hon. John T. Elfvin, Senior United States District Court
Judge, on December 22, 2006.  On October 17, 2007, the case was transferred to this
Court when Judge Elfvin took inactive Senior Judge status.  (Docket No. 31).

        2.      In  the Amended Complaint, Plaintiff alleges that she incurred the subject
debt for the purchase of household goods at a May Company Department Store, and
defaulted on that debt in March of 2005.  (Amended Complaint, ¶ 7).  In April of 2005,
Plaintiff filed for bankruptcy in United States Bankruptcy Court for the Western District of
New York.  (Amended Complaint, ¶¶ 11-13).

        Defendant Federated merged with the May Company and acquired all of its assets,
including the subject debt.  (Amended Complaint, ¶ 16).  On July 18, 2005, Defendant
Wolpoff commenced a lawsuit on behalf of Defendant Federated to collect the subject
debt.  (Amended Complaint, ¶ 18).  Wolpoff subsequently obtained a judgment against
Plaintiff and sent a restraining notice to Plaintiff's bank.  (Amended Complaint, ¶ 21).

        Plaintiff alleges in her Amended Complaint that Defendants violated the FDCPA by
attempting to collect a debt that was stayed and eventually discharged in bankruptcy, and

by misrepresenting the name of the debt owner.  (Amended Complaint, ¶¶ 24-31).

3.      Presently before the Court are Defendants' Motions to Dismiss.  Both Defendants contend that there is no independent cause of action under the FDCPA for violation of a bankruptcy stay, and that any such claim arising from a violation of the Bankruptcy Code must be brought in Bankruptcy Court.  (Wolpoff Br., Docket No. 19-2, pp. 5-8; Federated Br., Docket No. 26, pp. 6-7).  Wolpoff further contends that  Plaintiff has failed to allege facts to show that Wolpoff misrepresented the debt owner's name. (Wolpoff Br., Docket No. 19-2, pp. 11-12).  Federated further contends that it is not a debt collector, and therefore is not liable under the FDCPA.  (Federated Br., Docket No. 26, pp. 3-6).  For the following reasons, Wolpoff's Motion is granted in part and denied in part, Federated's Motion is granted in its entirety.

4.      Rule 12(b)(6) provides for dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  In determining whether a complaint states a claim, the Court construes the complaint liberally, accepts all factual allegations as true, and draws all reasonable inferences in plaintiff's favor.  ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50 (2d Cir. 2008).  While the complaint need not include detailed factual allegations, a plaintiff must show the "grounds of his entitlement to relief."  Bell Atlantic Corp. v. Twombly, ___U.S.___,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id.,  Goldstein, 516 F.3d at 56.

5.      Defendants argue in their Motions to Dismiss that Plaintiff does not have an independent FDCPA cause of action for the violation of a bankruptcy stay, and that any such claim arising from the violation of the Bankruptcy Code must be brought in Bankruptcy Court.  (Wolpoff Br., Docket No. 19-2, pp. 5-8; Federated Br., Docket No. 26, pp. 6-7).  The Second Circuit has not yet determined whether a plaintiff can bring a claim under the

FDCPA based on the violation of a bankruptcy stay. See Yaghobi v. Robinson, 145 Fed.Appx. 697, 699 (2d Cir. 2005) (*unpublished opinion*) (affirming dismissal of plaintiff's claims for Bankruptcy Code and FDCPA violations, but noting that "We need not here decide whether debtors in bankruptcy can ever maintain [FDCPA] claims based on violations of the Bankruptcy Code.").

6.     Other Circuits disagree as to whether a plaintiff has an independent cause of action under the FDCPA for a bankruptcy stay. Compare Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002) (rejecting plaintiff's FDCPA claim as precluded by Bankruptcy Code) with Randolph v. IMBS, Inc., 368 F.3d 726, 729-33 (7th Cir. 2004) (recognizing FDCPA claim for violation of Bankruptcy Code's automatic stay provision).

New York District Courts have generally concluded that there is *not* an independent cause of action under the FDCPA for the violation of a bankruptcy stay, and that such claims are precluded by the Bankruptcy Code. See e.g. Necci v. Universal Fidelity Corp., 297 B.R. 376, 379-81 (E.D.N.Y. 2003) (siding with the "majority view" and concluding that "the bankruptcy code precludes claims under the FDCPA when those claims are based upon violations of the bankruptcy stay").

7.     This Court agrees with the holdings of the Ninth Circuit in Walls, and the Eastern District in Necci. Plaintiff does not have an independent cause of action under the FDCPA for the violation of a stay under the Bankruptcy Code. As the Ninth Circuit explained in Walls, permitting an independent cause of action under the FDCPA "would circumvent the remedial scheme of the [Bankruptcy] Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." Accordingly, Defendants' Motions to Dismiss are granted with respect to Plaintiff's claims that are predicated on violations of the Bankruptcy Code.

8.     Defendant Wolpoff further contends that Plaintiff has failed to sufficiently

allege facts indicating that Wolpoff misrepresented the creditor's name in violation of the FDCPA.  (Wolpoff Br., Docket No. 19-2, pp. 11-12).

Plaintiff alleges that Wolpoff violated the FDCPA by suing Plaintiff on behalf of the May Department Stores Company ("May"), despite the fact that Federated had acquired the debt from May, and that May no longer existed as a legal entity.  (Plaintiff's Br., Docket No. 27, p. 12).  Construing the facts in Plaintiff's favor, this may constitute a violation of 15 U.S.C. § 1692e which prohibits the use of a "misleading representation or means in connection with the collection of any debt."  Accordingly, Wolpoff's Motion to Dismiss is denied as to the remainder of the cause of action against Wolpoff.

9.      Defendant Federated contends that it is not a "debt collector" under the FDCPA, and therefore is not subject to liability.  (Federated Br., Docket No. 26, pp. 3-6). Plaintiff responds that because Federated acquired the subject debt *after* Plaintiff defaulted, Federated is considered a debt collector under § 1692a(6)(F)(iii).  (Plaintiff's Br., Docket No. 28, 3-5).

15 U.S.C. 1692a(6) provides that:

(6) The term "**debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. ***The term does not include***-- . . .
(F) ***any person collecting or attempting to collect any debt*** owed or due or asserted to be owed or due another ***to the extent such activity*** (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) ***concerns a debt which was not in default at the time it was obtained by such person***; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

4

Section 1692a(6)(F)(iii)—specifically the text highlighted above which Plaintiff relies on—provides an exception by which certain parties, who would otherwise be classified as debt collectors, may escape such a classification if they can demonstrate that the subject debt was not in default when they acquired it.  Plaintiffs argue that this should necessarily imply the converse, that if a party acquires a debt that is already in default, that party is automatically a debt collector.  This Court does not agree.  Such a reading ignores the other provisions of the "debt collector" definition—for instance, that the party be in the business of regularly collecting debts.

This Court agrees with Defendant Federated that the allegations in Plaintiff's Amended Complaint are not sufficient to characterize Defendant Federated as a "debt collector" under § 1692a(6)(F)(iii).  Accordingly, Defendant Federated is not liable under the FDCPA and its Motion to Dismiss is granted.

10.    For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendant Federated's Motion to Dismiss (Docket No. 25) is GRANTED.

FURTHER, that Defendant Wolpoff's Motion to Dismiss (Docket No. 19) is GRANTED in part as to the claim for violation of the Bankruptcy Code, but DENIED in part as to the remainder of Plaintiff's claims.

SO ORDERED.

Dated:  September 2, 2008
        Buffalo, New York

/s/William M. Skretny
 WILLIAM M. SKRETNY
United States District Judge